UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

   v.           **MEMORANDUM & ORDER**
                17-CR-463 (WFK)
DWAYNE McCAULLEY,

       Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 19, 2018, Dwayne McCaulley ("Defendant") pled guilty to Count Two of the Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Dwayne McCaulley is hereby sentenced to time served, five years of supervised release, a fine of $25,000.00, which has been paid, and a $100.00 special assessment.

## BACKGROUND

On August 24, 2017, the Government filed an Indictment charging Dwayne McCaulley with one count of Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Indictment, ECF No. 8. On July 19, 2018, Defendant pled guilty to Count Two of the Indictment pursuant to a plea agreement. *See* Exhibit 2 ("Plea Agreement"), ECF No. 23. On February 14, 2020, the Court sentenced Defendant to 36 months of incarceration, 3 years of supervised release, a fine of $25,000.00, and a $100.00 special assessment. However, on December 23, 2020, the Second Circuit remanded the case for a full re-sentencing because the Court did not impose the 5-year statutory minimum term of supervised release required by 18 U.S.C. § 3583(k).

The Court hereby re-sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.   Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

**II.   Analysis**

    **A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

    1.   <u>Nature and Circumstances of the Offense</u>

2

Defendant pled guilty to the offense of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Plea Agreement at 1–2. According to the Presentence Investigation Report ("PSR"), ECF No. 28, between March 16, 2015 and February 16, 2016, special agents with the Federal Bureau of Investigation ("FBI") downloaded 182 files depicting child pornography, at least 2 of which were videos, from a sharing client on the BitTorrent Peer-to-Peer ("P2P") program. PSR ¶ 8–9. The FBI special agents identified the sharing client as Defendant. *Id.* ¶ 8. The files included, among others, videos and images depicting the sexual abuse of prepubescent girl by adult men and animals:

2. <u>History and Characteristics of the Defendant</u>

Defendant, now age 50, was born on August 19, 1971 in Oklahoma City, Oklahoma. PSR ¶ 39. He is one of two children born to Gary Lee McCaulley and Ramona Sharlene (née Boren) McCaulley. Prior to their retirement, Defendant' father worked as the head of maintenance at a high school and his mother worked as an inspector at a General Motors plant. *Id.*; Def.'s Sentencing Mem. at 5, ECF No. 35 ("Def. Mem."). They are aware of Defendant's arrest in this case and are supportive. PSR ¶ 39; Ltr. from Gary Lee McCaulley & Ramona McCaulley to Hon. Judge William F. Kuntz, II, ECF No. 35-11.

At the time of the first sentencing, Defendant's brother, Gary James McCaulley, resided in Huntington, Indiana and was married with one son. *Id.* ¶ 40. He was employed as a computer numeric controlled machinist. *Id.*; Def. Mem. at 5. Defendant and his brother were not very close and had only occasional contact, despite being on good terms. PSR ¶ 40, N.G. Berrill, Ph.D., New York Center for Neuropsychology & Forensic Behavioral Science, Psycho-Sexual Evaluation at 2, ECF No. 35-1 ("Psycho-Sexual Evaluation"). Defendant's brother was unaware of Defendant's arrest in this case. PSR ¶ 40.

Defendant was raised in a low- to middle-income environment. *Id.* Although his family was negatively impacted by strikes at General Motors, they "never wanted for anything" and Defendant's basic material needs were consistently met. *Id.* ¶ 41. Defendant did not report a history of abuse of any kind. *Id.* Defendant's family relocated from Oklahoma to Michigan when he was approximately age 2. *Id.* Defendant moved to Chicago when he was age 21 and remained there until moving to New York City in 2004. *Id.*

After earning his high school diploma in 1989, Defendant attended Michigan Technological University in Houghton, Michigan from 1989 to 1990. *Id.* ¶ 55. He then attended Delta College in University Center, Michigan from August 1990 through December 1991. Although Defendant reports earning an associate degree from Delta College, the school has no record of a degree earned. *Id.*, Def. Mem. at 6. Defendant then attended Saginaw Valley State University in Saginaw County, Michigan from 1991 to 1992, where he studied literature and philosophy, but earned no degree. PSR ¶ 55.

Defendant married Elaine Paige Rudwell (last name now Casket) in Jefferson, Kentucky on October 12, 1995. *Id.* ¶ 42, Psycho-Sexual Evaluation at 3. The couple divorced in 1998 in Chicago, Illinois because they believed they had married too young, but they ended the relationship on good terms. PSR ¶ 42; *but see* Psycho-Sexual Evaluation at 3 (noting Defendant reported "he is not actually divorced"). Defendant and Ms. Casket have since lost touch. PSR ¶ 42.

Prior to his incarceration, Defendant maintained regular, well-paid employment since at least 1996, with only intermittent periods of unemployment. PSR ¶¶ 56–67. Further, Defendant reported having been self-employed as a marketing consultant after leaving another position in February of 2019. *Id.* ¶ 56. Defendant's employment has largely involved technology and

4

marketing. *Id.* ¶¶ 56–67. His positions have included, among others, Director of Marketing Operations, Senior Digital Strategist, Consultant/Technical Project Manager, and Senior Technical Architect. *Id.* ¶¶ 57, 58, 60, 61. According to Probation, Defendant was able to pay a fine based on his financial profile. *Id.* ¶ 73.

As of the time of his first sentencing, Defendant had been in a relationship with Tesia Jurkiewicz since 2016. *Id.* ¶ 43; Def. Mem. at 16. Defendant and Ms. Jurkiewicz resided together since November 2016. PSR ¶ 45; Def. Mem. at 16. Ms. Jurkiewicz was employed as a digital design manager for Macy's and, aside from being treated for depression, she was in good health. PSR ¶ 43. Ms. Jurkiewicz was supportive of Defendant, calling him her "best friend, cheerleader, traveling companion, and the most wonderful partner I could have asked for." Ltr. from Tesia Jurkiewicz to Hon. Judge William F. Kuntz, II, ECF No. 35-4. Neither Defendant nor Ms. Jurkiewicz have any children. PSR ¶ 43.

Defendant identifies as heterosexual and denies any sexual interest in children or any prior contact with children. *Id.* ¶ 51; Psycho-Sexual Evaluation at 6. Dr. N.G. Berrill of the New York Center for Neuropsychology and Forensic Behavioral Science in Brooklyn, New York concluded from Defendant's psychosexual evaluation that there is no indication Defendant is sexually attracted to minors. PSR ¶ 50; Psycho-Sexual Evaluation at 12.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity andfrom disregarding U.S. law. Specifically, deterring the possession of child pornography is a critical step in preventing the exploitation of minors.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count Two of the Indictment, which charged Defendant with Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). Plea Agreement at 1–2. By statute, Defendant faces a maximum term of imprisonment of twenty years. 18 U.S.C. § 2252(b)(2). Defendant also faces a maximum term of supervised release of life, *id.* § 3583(k); a maximum fine of $250,000.00, *id.* § 3571(b); and a mandatory special assessment of $100.00, *id.* § 3013. Defendant is eligible for not less than one nor more than five years of probation because he pled guilty to a Class C Felony. *Id.* § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2). Restitution is mandatory. *Id.* § 3663A.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable Guideline for violations of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) is Guideline § 2G2.2, which provides a base offense level of 18. *See* United States Sentencing Commission, *Guidelines Manual* ("USSG") § 2G2.2(a)(1). The parties largely agree on the appropriate Guidelines calculation. All parties agree to the following enhancements: (1) a 2-level enhancement pursuant to USSG § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who had not attained the age of 12 years; (2) a 2-level enhancement pursuant to USSG § 2G2.2(b)(3)(F) because Defendant knowingly engaged in distribution through a P2P network; (3) a 4-level enhancement pursuant to USSG § 2G2(b)(4)(A) because the offense involved material portraying sadistic or masochistic conduct; and (4) a 2-level enhancement pursuant to USSG § 2G2.2(b)(6) because the offense involved the use of a computer. PSR ¶ 18–22; Gov't Sentencing Mem. at 2–3, ECF No. 42 ("Gov't Mem."); Plea Agreement at 3. Further, the parties agree a 3-level decrease pursuant to USSG §§ 3E1.1(a) and (b) is warranted because Defendant has clearly demonstrated acceptance of responsibility for the offense and because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty. PSR ¶ 29–30; Gov't Mem. at 3; Def. Mem. at 20.

The parties, however, disagree as to the appropriate enhancement under USSG § 2G2.2(b)(7) for the number of images. Probation and the Government argue for an increase of 4 levels for possession of at least 300 images, pursuant to USSG § 2G2.2(b)(7)(C). PSR ¶ 21; Gov't Mem. at 3. This results in a total adjusted offense level of 29. PSR ¶ 31; Gov't Mem. at 3. Defendant argues, citing the plea agreement signed by Defendant, an enhancement of 2 levels—not 4 levels—is appropriate because Defendant possessed at least 10, but fewer than 150 images, pursuant to USSG § 2G2.2(b)(7)(A). Addendum to PSR at 1, ECF No. 31; Plea Agreement at 3. This results in a total adjusted offense level of 27. Plea Agreement at 3.

Under an Offense Level of 29 and a Criminal History Category of I, the Guidelines recommend a term of incarceration of between 87 and 108 months with a term of supervised release of five years to life, USSG § 5D1.2(b)(2), a fine between $30,000.00 and $250,000.00, *id.* §§ 5E1.2(c)(3) and 18 U.S.C. § 3571(b), and Defendant is ineligible for probation, *id.* § 5B1.1 cmt. 2.

Under an Offense Level of 27 and a Criminal History Category of I, the Guidelines recommend a term of incarceration of between 70 and 87 months. The Guidelines further recommend a term of supervised release of five years to life, USSG § 5D1.2(b)(2), a fine between $25,000.00 and $250,000.00, *id.* §§ 5E1.2(c)(3) and 18 U.S.C. § 3571(b), and Defendant is ineligible for probation, *id.* § 5B1.1 cmt. 2.

Probation recommends a downward variance sentence of 36 months custody, 5 years of supervised release with special conditions, and a $25,000.00 fine. Probation Sentencing Recommendation at 1, ECF No. 28-1. Defense counsel requests a below Guidelines range sentence of probation with computer monitoring, travel restrictions, and search provisions, a fine, restitution, assessments, and sex offender registration. Def. Mem. at 3. The Government requests a sentence of 70 to 87 months, which is consistent with the Guidelines range set forth in the Plea Agreement, based on an Offense Level of 27. Gov't Mem. at 3.

The Court agrees with Probation and the Government with respect to the enhancement for the number of images and finds the appropriate total Offense Level is 29. The Guidelines dictate "[e]ach video, video-clip, movie, or similar visual depiction shall be considered to have 75 images." USSG § 2G2.2 cmt. 6(B)(ii). The FBI downloaded a total of 182 files from Defendant, of which at least two were videos. PSR ¶ 11–12. Assuming the files only contain the two videos described in the PSR, the total number of images is 330, warranting an enhancement

of 4 levels pursuant to USSG § 2G2.2(b)(7)(C). With an Offense Level of 29 and a Criminal History Category of I, the Guidelines recommend a term of incarceration of between 87 and 108 months with a term of supervised release of five years to life, USSG § 5D1.2(b)(2), a fine between $30,000.00 and $250,000.00, *id.* §§ 5E1.2(c)(3) and 18 U.S.C. § 3571(b), and Defendant is ineligible for probation, *id.* § 5B1.1 cmt. 2.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). Policy Statement 5D1.2(b)(2) states, "If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended." Count Two of the Indictment constitutes a "sex offense" under the Guidelines. USSG § 5D1.2 cmt. 1 (defining a "sex offense" to include an offense perpetrated under chapter 110 of Title 18 of the United States Code).

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to consider "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is mandatory in this case. 18 U.S.C. § 3663. However, a National Center for Missing and Exploited Children identification report has not been generated in this case to date and restitution cannot be

determined at this time. PSR ¶¶ 13, 81. Accordingly, this factor is not relevant to Defendant's sentencing.

In the event restitution information becomes available, the Court will schedule a hearing on restitution at the appropriate time.

## CONCLUSION

A sentence of time served, to be followed by five years of supervised release, a fine of $25,000.00, which has been paid, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report barring any errors contained therein and to the extent they are not inconsistent with this opinion. The Court imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2022
      Brooklyn, New York